UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NENG SAYPAO PHA,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>JARED LOZANO,[1]<br><br>　　　　　　　　Respondent. | No. 2:19-cv-0893 WBS DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus. Before the court is respondent's motion to dismiss the petition as successive and/or untimely. For the reasons set forth below, this court will recommend the petition be dismissed.

Petitioner challenges a conviction and fifteen-year sentence imposed in 2010 in Sacramento County Superior Court for inflicting corporal injury to a spouse, false imprisonment, and making a criminal threat. (See Pet. (ECF No. 1) at 10; Oppo. Brief (ECF No. 16) at 2.) In 2013, petitioner filed a federal habeas action in this court challenging the same judgment. See Pha v. Swarthout, No. 2:13-cv-1133 MCE GGH (E.D. Cal.). The court denied that petition on the merits on May 19, 2015. Id. (ECF Nos. 33, 35). Petitioner appealed to the Ninth Circuit Court of

---

[1] Respondent has informed the court that petitioner is incarcerated at the California Medical Facility where Jared Lozano is the warden. Accordingly, Mr. Lozano is substituted as the respondent in this matter. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Appeals. In 2016, the Ninth Circuit affirmed the district court's denial of petitioner's 2013 petition. Id. (ECF No. 41).

Respondent moves to dismiss the petition as successive. A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that he is raising a new claim and (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. See Burton, 549 U.S. at 157.

Because petitioner challenges the same conviction he challenged previously, this is his second federal petition. This court lacks jurisdiction to consider the petition until petitioner has obtained authorization from the Ninth Circuit Court of Appeals to file it.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted;

2. This action be dismissed without prejudice; and

3. The court to decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

////

////

////

////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 17, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/pha0893.mtd fr